IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STACEY ALLEN, *Plaintiff*, v. FCA US LLC, *Defendant*. | CIVIL NO. 6:17-CV-00007<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff brings several claims related to her injuries suffered in an automobile accident while driving a Dodge Avenger vehicle made by Defendant. Defendant has moved to dismiss Plaintiff's Virginia Consumer Protection Act, Virginia Code Ann. §§ 59.1-196 to -207 ("VCPA") claim. The Court finds that Plaintiff's VCPA claim is inadequately pled because Plaintiff does not allege the knowing falsity of Defendant's misrepresentations. As this is Plaintiff's second unsuccessful attempt to plead this VCPA claim with sufficient particularity, the Court will dismiss the claim with prejudice.

I. **Facts as Alleged**

In 2012, Plaintiff purchased a 2010 Dodge Avenger sedan ("the Vehicle") manufactured by Defendant. (Dkt. 35 ¶¶ 70, 10). On October 7, 2016, Plaintiff lost control of the Vehicle and collided with an embankment at approximately 55 miles per hour. (*Id*. ¶¶ 12, 13). During the course of this accident, the Vehicle's airbag failed to deploy and its seatbelt failed to secure Plaintiff, causing her to slam into the steering wheel and side panel of the Vehicle. (*Id*. ¶ 13) Plaintiff suffered injuries as a result of the accident. (*Id*. ¶¶ 14–16).

1

Prior to the accident, on October 1, 2016, Defendant had issued a recall affecting the 2010 Dodge Avenger model. (*Id*. ¶ 17). The recall related to the potential failure of the air bag and seatbelt pretensioner in the event of an accident, which could "increase the risk of an injury in a crash." (*Id*. ¶ 19). Defendant had known about these issues for "more than a year" prior to the October 2016 recall. (*Id*. ¶¶ 30, 31).

Plaintiff also alleges that, prior to purchasing the Vehicle, she saw several advertisements discussing the Dodge Avenger's safety and reliability. (*Id*. ¶ 23). In 2010, Defendant produced an advertisement stating in part that "Behind the wheel of an Avenger, you're surrounded by advanced features designed to help keep you safe and secure in the event of a collision." (*Id*. ¶ 24). The same advertisement also stated that the Avenger received the "highest Government Frontal Crash Test Rating." (*Id*.) Further, in 2012, Defendant encouraged potential buyers to "PICK [the Avenger] FOR ITS SAFETY." (*Id*. ¶ 24). The advertisement also specified that the Avenger was a "IIHS TOP SAFETY PICK" and contained "six airbags, active front head restraints, Electronic Stability Control and an advanced Antilock Brake System." (*Id*.) Because Plaintiff believed the vehicle to be particularly safe based on advertisements she viewed, she paid a premium to obtain it. (*Id*. ¶ 26).

## II. Procedural History

Plaintiff's original complaint consisted of six claims: (1) negligence, (2) negligent design, (3) failure to warn, (4) breach of express warranty, (5) breach of implied warranty, and (6) a violation of the VCPA. Defendant FCA US LLC filed a 12(b)(6) motion to dismiss counts (2), (3), (4), and (6). In response, Plaintiff amended her complaint to assert the following four claims: (1) negligence, (2), products liability, (3) breach of implied warranty, and (4) a violation of the VCPA. Defendant has filed a second motion to dismiss asserting that Plaintiff's VCPA claim is not properly pled.

**III.    Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**IV.    Discussion**

The issue here is whether Plaintiff has pled adequate facts to state a claim under the VCPA. The Court concludes that Plaintiff's VCPA claim should be dismissed because it does not adequately allege false representations by Defendant.

"A party alleging fraud must prove by clear and convincing evidence (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Branin v. TMC Enterprises, LLC*, 832 F. Supp. 2d 646, 652 (W.D. Va. 2011) (citing *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (2005)). Because the VCPA prohibits "fraudulent acts or practices," a claim under it is subject to the heightened pleading standards of Rule 9(b). *See* Va. Code Ann. § 59.1–200(A); *Wynn's Extended Care, Inc. v. Bradley*, 619 F. App'x 216, 220 (4th Cir. 2015). Under Rule 9, Plaintiff must "state with particularity the circumstances constituting fraud or mistake," including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Fed. R. Civ. P. 9(b); *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015).

Plaintiff's claim is that Defendant made false statements by "fraudulently representing and misrepresenting to the public that the vehicle was safe for use, all the while knowing that the vehicle contained defective seat belt tensioners and airbags." (Dkt. 35 ¶ 65(c)). Plaintiff also alleges fraudulent failure to disclose in that "Defendant has knowingly and intentionally concealed material facts for more than a year before issuing a recall." (*Id.* ¶ 68). In order for Defendant to have knowingly misrepresented some aspect of the Vehicle's safety to Plaintiff, it must have known that the 2010 Dodge Avenger was unsafe at some point prior to allegedly making statements about its safety in 2010 and 2012. Similarly, in order for Defendant to have knowing failed to disclose safety defects, it must have known of the existence of those defects prior to Plaintiff's purchase of the Vehicle in 2012.

Plaintiff, however, does not sufficiently allege that any of Defendant's statements or omissions were "intentionally and knowingly" false at these relevant times. *Branin*, 832 F. Supp.

2d at 652. Plaintiff asserts that Defendant knew of the defect in April of 2015, several years after the transaction and advertisements at issue.[1] Any conclusory allegations that Defendant knew of the safety defects the whole time (*see* dkt. 35 ¶ 65(c)) are undercut by Plaintiff's specific factual assertion that Defendant became aware of the defects in April 2015. This logic applies with equal force to Plaintiff's nondisclosure theory (*id*. ¶ 68). *See Lambert*, 262 Va. at 714 (stating that a VCPA violation based on a theory of nondisclosure "requires evidence of a *knowing and deliberate* decision not to disclose that fact" (emphasis added)). Without allegations that Defendant knew of the safety issues prior to its advertisements or the consumer transaction in which Plaintiff purchased her vehicle, there cannot be a claim for fraud under the VCPA.

Plaintiff's claims stemming from misrepresentations made in Defendant's specific advertisements also fail because they do not properly allege how defendant's claims amounted to a "false representation," knowing or not. Plaintiff fails to state what representation of Defendant's was actually false. For instance, nothing in the complaint suggests that Defendant lied about its Five-Star safety rating, the presence of certain features in its vehicle, or the fact that it was an IIHS top safety pick, which were the identifiable factual assertions contained in the advertisements. (*See* dkt. 35 ¶¶ 24, 25).

---

[1] Plaintiff states that Defendant knew of the alleged defects for "more than a year before issuing its recall," and it took Defendant "more than a year" to issue a recall after beginning their investigation into the defects in April 2015. (Dkt. 35 ¶¶ 31, 32). Thus, "more than a year" indicates the period between the April 2015 discovery and the October 2016 recall. Plaintiff repeats that same language in her VCPA claim section, stating that Defendant "knowingly and intentionally concealed material facts for *more than a year* before issuing the recall." (*Id*. ¶ 68 (emphasis added)). In doing so, Plaintiff is referencing the same April 2015 date and alleging only that Defendant knew of the defects after that date. While "more than a year" is somewhat open-ended, it cannot mean that Defendant knew of safety issues for "four to six years" before issuing a recall in 2016 — which is what Plaintiff would need to allege to claim the statements and omissions made in 2010 and 2012 were knowingly false.

5

It's possible that Plaintiff is alleging that the more general statements in the advertisements — "PICK [the Avenger] FOR ITS SAFETY" and "you're surrounded by advanced features designed to keep you safe and secure" — were representations that the vehicle was safe for use. However, these statements are mere puffery and as such are not actionable. *See Devine v. Pulte Home Corp.*, No. 1:15CV1361(JCC/JFA), 2015 WL 8055858, at *6 (E.D. Va. Dec. 4, 2015) ("[I]t would considerably expand the scope of liability if puffery and opinions were considered actionable misrepresentations under the VCPA."); *Lambert*, 262 Va. at 713 ("Merely stating that property is in excellent condition, without more, is clearly a matter of opinion in the manner of puffing."); *Kelley v. Little Charle's Auto Sales*, No. 4:04CV00083, 2006 WL 1075025, at *3 (W.D. Va. Apr. 21, 2006); ("Defendant's statement of the used truck having 'low mileage' was mere puffery and not an expression of fact upon which Plaintiff could have relied."); *Tate v. Colony House Builders, Inc.*, 257 Va. 78, 84, 508 S.E.2d 597, 600 (1999) ("Sagun's alleged statements that . . . 'the design and construction [of the dwelling were] of the highest quality' are more in the nature of puffing or opinion and cannot form the basis of an action for constructive fraud.").

Even assuming they are falsifiable assertions of fact and not puffery, Plaintiff has failed to allege how these general statements were false. Plaintiff does not and cannot plausibly allege that the Vehicle was completely unsafe, or that it did not contain at least some features designed and intended to keep its occupants safe. Without alleging that any specific statements of Defendant were false, Plaintiff's claim that Defendant was "fraudulently representing and misrepresenting to the public that the vehicle was safe for use" relies on the falsity of vague, generalized assertions by Defendant about the safety of the Vehicle that occurred at times and

places that Plaintiff did not specify in her complaint. (Dkt. 35 ¶ 65(c)). These allegations are insufficient to state a claim under the VCPA.

Because Plaintiff does not allege that Defendant knowingly made false representations about the Vehicle prior to her purchase of it, her VCPA claim must be dismissed.

### a. Leave to Amend

The parties have briefed the issue of whether Plaintiff should be given leave to amend her complaint in case the Court should find it inadequate and grant Defendant's motion. Federal Rule of Civil Procedure 15(a) states that a Court "should freely give leave when justice so requires." However, the "grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A District Court must give some rationale for denying leave to amend "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. Further, "an amendment may be considered futile where Plaintiffs have previously had two full opportunities to plead their claim." *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 595 (E.D. Va. 2006)

As noted above, Plaintiff has already amended her complaint once, in response to Defendant's motion to dismiss on grounds very similar to the ones presented here. Despite having been granted multiple opportunities to do so, and despite being on clear notice that she was required to do so, Plaintiff has been unable to state with specificity the fraud perpetrated by Defendant. The Court is not required to give Plaintiff unlimited opportunities to state a specific factual fraud claim when all the facts necessary to plead the claim should have been known to Plaintiff at the outset of the case. Further, the Court need not subject Defendant to repeated

litigation over the sufficiency of the complaint when Plaintiff was on notice of the complaint's insufficiency, knew or should have known all the facts necessary to state a claim, and yet has repeatedly failed to present an adequate pleading. Therefore, the Court will not grant Plaintiff further opportunities to amend this claim and will dismiss it with prejudice.

V. **Conclusion**

Plaintiff's VCPA claim must be dismissed for the reasons stated above. A claim of misrepresentation under the VCPA requires at least that Plaintiff allege facts showing that Defendant knowingly made a false statement about the Vehicle prior to the consumer transaction in which Plaintiff purchased it. Plaintiff, despite being given multiple opportunities to do so, cannot point to any knowing act of fraud by Defendant. Plaintiff essentially attempts to add a fraud claim to a standard products liability suit, unsupported by details other than the fact that certain aspects of the car were later found to be defective and that Defendant did not advertise the vehicle as such at the time of the sale. Under Plaintiff's theory, virtually any products liability suit would also be one for fraud because no manufacturer advertises that its products are defective and unsafe for use. However, without allegations of specific and knowing misrepresentations by Defendant that were relied upon by the consumer, the Court will decline to unearth a fraud claim from Plaintiff's complaint. For the reasons detailed above, Plaintiff's allegations are insufficient. Defendant's motion will be **GRANTED** and Plaintiff's claim will be **DISMISSED WITH PREJUDICE**.

An appropriate Order will issue.

Entered this  10th   day of May, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE